**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| | ) | |
| UNITED STATES OF AMERICA | ) | Case No. 17-mj-524 |
| | ) | |
| v. | ) | Hon. Ivan D. Davis |
| | ) | |
| CHARLES E. BROWN, | ) | Sentence Date:  October 30, 2018 |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**DEFENDANT'S POSITION ON SENTENCING**

Defendant Charles E. Brown, through counsel, respectfully asks the Court to impose a

small fine for his conviction for operating a motor vehicle after suspension ("OAS").  This is an

extraordinary case.  On October 13, 2017, after receiving a citation from federal law enforcement

for OAS, Mr. Brown was immediately transferred to state custody because Virginia records

incorrectly showed that he had failed to report to his probation officer in relation to a case from

2007 in which Mr. Brown was sentenced to 5 years of incarceration with 3.5 years suspended.

*See* PSR ¶¶ 1, 64; Ex. 1 (State Case Record).  Mr. Brown insisted to his lawyer and to a state

judge that he was not on probation and that an error had been made.  On April 26, 2018, after

three continuances by defense counsel, a judge finally realized Mr. Brown was correct and

dismissed the probation violation petition.  Mr. Brown spent 6 months and 13 days in jail for

absolutely no reason.

Mr. Brown is 47 years old.  Since 1997, his only driving violations have been for

operating a vehicle after being declared a habitual offender.  PSR ¶¶ 51, 53, 55, 56, 60, 61, 64,

66.  Mr. Brown has been told by the Virginia DMV that, because of interest and various

penalties, if he wishes to have his license to drive fully restored he will have to pay almost

$150,000.  During the past few years, Mr. Brown has given up driving, relying on his wife and son on the few instances when he leaves the house.  Staying at home suits Mr. Brown for the most part because he is able to conduct his small business—painting and airbrushing items such as cars, clothing and sportsgear—from home.  *See* Ex. 2 (Facebook page for Mr. Brown's small business).  Mr. Brown works very long hours and does not drink alcohol or do any drugs.

On October 13, 2017, Mr. Brown made an exception to his general no-driving rule because his wife had called and told him she would be unable to make it home until very late.  There was no food in the house, so Mr. Brown needed to go to Safeway to get ingredients to make dinner for himself and his wife's 11-year-old daughter.  In the encounter with law enforcement that led to this case, Mr. Brown "was very cooperative the whole time," according to one officer's sowrn statement.  His gentle and thoughtful disposition is also on display in his letters to the Court explaining that, because he was in state custody, he could not make his federal court appearances.  ECF Nos. 5, 7.

Amazingly, Mr. Brown is not particularly bitter that he spent over six months wrongly incarcerated.  He is eager to move on and rebuild his business, NoviKane Customs, which was essentially destroyed by his incarceration.  He is very proud of how hard he works; as a sole proprietor, he works for every dollar, with no health insurance or paid time off or retirement benefits.  Mr. Brown makes a custom airbrushed football every other month for a different sick child.  His work has been noticed by professional football player Cameron Heyward's foundation, Heyward House, which has ordered footballs for children served by the foundation and for possible auction fundraising.

Under 18 U.S.C. § 3553(a), the Court should consider all of these facts in fashioning an appropriate sentence for Mr. Brown.  In particular, the Court should take into account that Mr.

Brown (1) made an error of judgment motivated largely by his care for his wife's daughter; (2) has effectively already been punished quite severely by state authorities for his error; (3) has repeatedly shown he is quite thoughtful; and (4) is making great strides in his life and career, notwithstanding the serious injustice he recently suffered.

Mr. Brown respectfully submits that the Court should allow him to continue moving forward without re-incarcerating him or placing him on supervision that he would be unable to meaningfully participate in given his inability to travel.  For these reasons, a small fine would be sufficient but not greater than necessary to meet the goals of sentencing.

Respectfully submitted,

CHARLES E. BROWN
By Counsel

GEREMY C. KAMENS
Federal Public Defender

_____/s/_____
Rahul Sharma, Va. Bar No. 92828
Office of the Federal Public Defender
1650 King Street, Suite 500
Alexandria, VA 22314
(703) 600-0800
(703) 600-0880 (fax)
Rahul_Sharma@fd.org

-4-

## CERTIFICATE OF SERVICE

I hereby certify that on October 29, 2018, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will then send a notification of electronic filing (NEF) to all counsel of record.

Pursuant to the Electronic Case Filing Policies and Procedures, a courtesy copy of the foregoing pleading will be delivered to chambers within one business day of the electronic filing.

/s/
Rahul Sharma, Va. Bar No. 92828
Office of the Federal Public Defender
1650 King Street, Suite 500
Alexandria, VA 22314
(703) 600-0825
(703) 600-0880 (fax)
Rahul_Sharma@fd.org